# In the United States Court of Federal Claims

No. 20-412

Filed: 20 May 2021

NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MAKETA S. JOLLY, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Maketa S. Jolly*, *pro se*, of Aston, PA for plaintiff.

*Patrick Phippen*, Trial Attorney, U.S. Department of Justice – Tax Division, with whom was *Mary M. Abate*, Assistant Chief, Court of Federal Claims Section, *David I. Pincus*, Chief, Court of Federal Claims Section, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, all of Washington, D.C. for the defendant.

## OPINION AND ORDER

**HOLTE**, **Judge**.

*Pro se* plaintiff Maketa Jolly seeks individual income tax returns totaling $5,680.00 for the tax years of 2016 through 2019, alleging the Internal Revenue Service ("IRS") incorrectly and without notice levied taxes on her for 2016 and 2017 and erred in applying her 2018 and 2019 refunds to the 2017 balance.  Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the government moved to dismiss Ms. Jolly's claims related to the years 2016 and 2017 for lack of subject matter jurisdiction and to dismiss Ms. Jolly's claims related to the years 2018 and 2019 for failure to state a claim upon which relief can be granted.  As the government fails to demonstrate the IRS issued a notice of deficiency to Ms. Jolly for the 2017 tax assessment, the Court must **DENY** the government's motion to dismiss.

### I. Factual and Procedural History

**A. Factual History**

The Court draws the following facts from Ms. Jolly's complaint, the IRS record, and the United States Tax Court's decision of *Jolly v. Commissioner,* No. 17172-19, slip op. (T.C. Mar. 11, 2020) ("*Jolly*"), "accept[ing] all well-pleaded [and unchallenged] factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. U.S.*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. U.S.*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader.").

Ms. Jolly timely filed her individual income tax returns for 2016 and received the requested refund of $2,392.00 on 23 February 2017. *See* Appendix to Def.'s Mot. To Dismiss Pl.'s Compl., ECF No. 12-1 ("App.") (appendix containing Ms. Jolly's tax documents, including Account Transcripts for the tax years of 2016–19), at 2. In 2018, Ms. Jolly filed an amended tax return for 2016. *Id.* at 3. The IRS audited Ms. Jolly's tax record and issued a notice of deficiency on 8 April 2019, resulting in a $1,965.00 increase in Ms. Jolly's 2016 tax liability. *Id.* at 10. The notice advised Ms. Jolly the deadline to petition the Tax Court regarding the adjustments was 8 July 2019. *Id*. Ms. Jolly did not pay the amount she allegedly owed for 2016, which was assessed to be $2184.81 as of 5 October 2020. *Id*. at 2.

Ms. Jolly timely filed her tax return for 2017 and received the requested refund of $6,863.00 on 14 March 2018. *Id.* at 4–5. In 2018, Ms. Jolly filed an amended tax return for 2017. *Id.* According to the government, on 9 July 2018, the IRS assessed a total of $6,371.16 in Ms. Jolly's tax liability. Motion to Dismiss, ECF No. 12 ("Gov't MTD"), at 3.[1] The government could not locate any notice of deficiency the IRS issued to Ms. Jolly for the assessment of her 2017 tax liability. Reply in Supp. of the United States' Mot. To Dismiss, ECF No. 14 ("Gov't Reply"), at 2 n.2 ("Counsel for the United States was unable to obtain the IRS administrative file for the 2017 tax year. Presumably, however, a similar notice of deficiency was issued with respect to that year.").

On 17 September 2019, Ms. Jolly field a petition with the United States Tax Court regarding tax years 2016–2018. *Jolly* at 1. The Tax Court dismissed Ms. Jolly's 2016 claim, as Ms. Jolly failed to timely file the petition within 90 days of receiving the 2016 notice of deficiency. *Id.* at 2. The Tax Court also dismissed Ms. Jolly's 2017 and 2018 claims for lack of jurisdiction, because "the jurisdiction of the [Tax] Court depends, in part, on the issuance by the Commissioner of a valid notice of deficiency to the taxpayer," yet "no notice of deficiency was issued to petitioner for tax years 2017 and 2018 . . . ." *Jolly* at 1–2.

---

[1] On page 3 of its motion to dismiss, the government stated, "[o]n July 9, 2018, the IRS assessed adjustments summing to $6,298.00, as well as $73.76 in interest, for a total of $6,371.76" and cited to page 5 of the appendix to the motion to dismiss as support. Gov't MTD at 3. The numbers "$6,298.00" and "$6,371.76" are not listed anywhere on page 5 of the appendix. The sum of four sequential entries on page five of the appendix, which contains 18 different entries, is $6298.00, and the same four entries and a fifth sequential entry sum to $6,371.76. The government does not explain how to interpret the table of entries in the appendix, or why adding the specific numbers it did is the appropriate method of calculating Ms. Jolly's assessed adjustments. As Ms. Jolly does not appear to dispute the IRS assessed adjustments of this amount on 9 July 2018, the Court will adopt the government's calculations for the purpose of this motion.

Ms. Jolly timely filed her tax returns for 2018 and 2019.  App. at 6–9.  For both years, the IRS applied Ms. Jolly's tax refund to her 2017 balance ($1,947.00 and $1,255.00, respectively). *Id.*  Ms. Jolly's total amount of additional taxes due for 2017, after the application of refund credits from 2018 and 2019, was assessed to be $2,069.20 as of 5 October 2020, which Ms. Jolly did not pay.  App. at 4.

### B. Procedural History

Ms. Jolly filed her complaint on 6 April 2020.  *See* Compl., ECF No.1.  The government filed a motion to dismiss on 7 December 2020.  *See* Gov't MTD.  On 5 January 2021, Ms. Jolly responded to the government's motion to dismiss, *see* Resp. to Mot. To Dismiss, ECF No. 13 ("Pl. Resp."), and the government replied on 15 January 2021.  *See* Gov't Reply.  On 26 January 2021, Ms. Jolly filed a motion for the Court's leave to file a sur-reply to the government's reply and attached the sur-reply as an exhibit.  *See* Mot. for Leave to File a Response to a Reply, ECF No. 16.  The government did not file an opposition to Ms. Jolly's motion before the deadline. *See* RCFC 7.2(a)(1).

## II. Applicable Law

### A. Standard of Review for a Motion to Dismiss Under RCFC 12(b)(1) and 12(b)(6)

Under RCFC 12(b)(1), plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence."  *Acevedo v. U.S.*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. U.S.*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)).  "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Id*. (quoting *Trusted Integration*, 659 F.3d at 1163) (internal quotation marks omitted).  "[O]nly uncontroverted factual allegations are accepted as true for purposes of [a Rule 12(b)(1) motion]."  *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (citing *Gibbs v. Buck,* 307 U.S. 66, 72 (1939); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 1350, 1363, at 219–20, 457 (1990)).  "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court."  *Id.* at 1584 (citing James W. Moore et al., *Moore's Federal Practice* ¶ 12.07[2.–1], at 12–52 (1993)) (internal citations omitted). When finding predicate jurisdictional facts, "a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings . . . ."  *Id.* (citing *Land v. Dollar,* 330 U.S. 731, 735 n. 4, (1947) (other citations omitted).  "Although a court is normally not permitted to weigh evidence and find facts in ruling on a motion to dismiss for lack of subject matter jurisdiction, it is allowed to do so where such a motion 'challenges the truth of jurisdictional facts alleged in the complaint.'" *Knight v. U.S.*, 65 Fed. Appx. 286, 289 (Fed. Cir. 2003) (citing *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir. 1988)).  Further, "the standards appropriate at this stage of the proceedings . . . require that the court construe all factual disputes in favor of [the nonmoving party]."  *James v. J2 Cloud Servs., LLC*, 887 F.3d 1368, 1373 (Fed. Cir. 2018) (citation and quotation marks omitted).

Under RCFC 12(b)(6), a defendant may seek dismissal of an action for failure to allege enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When deciding a Rule 12(b)(6) motion to dismiss, the Court "must

accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Athey v. U.S.*, 908 F.3d 696, 705 (Fed. Cir. 2018) (quoting *Bell/Heery v. U.S.*, 739 F.3d 1324, 1330 (Fed. Cir. 2014)).  Facial plausibility requires plaintiffs plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. *Pro Se* Litigants

The Court construes *pro se* pleadings, "however inartfully pleaded," with "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted).  A plaintiff, however, must still establish subject matter jurisdiction and must state a claim upon which relief can be granted.  *See, e.g. Alder Terrace, Inc. v. U.S.*, 161 F.3d 1372, 1377 (Fed. Circ. 1998); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).  While the Court may excuse ambiguities in a *pro se* plaintiff's complaint, the Court "does not excuse its failures, if such there be." *Henke v. U.S.*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C. Notice of Deficiency

According to the IRS Code, "a notice of deficiency . . . is a legal notice in which the [IRS] Commissioner determines the taxpayer's tax deficiency.  IRC 6212 and 6213 require that the Service issue a notice of deficiency before assessing additional income tax . . . unless the taxpayer agrees to the additional assessment."  I.R.S. Code 4.8.9.2(1).  A notice of deficiency is issued to ensure "the taxpayer is formally notified of the IRS intention to assess a tax deficiency" and the taxpayer is made aware of "the opportunity and right to petition the Tax Court to dispute the proposed adjustments."  I.R.S. Code 4.8.9.2(2)(b)–(c).

A notice of deficiency from the IRS "is generally a prerequisite to any attempt by the IRS to assess or collect on the deficiency" with very limited exceptions.  *Bush v. U.S.*, 655 F.3d 1323, 1328 (Fed. Cir. 2011) (en banc) (citing *Comm'r v. Shapiro*, 424 U.S. 614, 618 (1976)); *see also U.S. v. Frontone*, 383 F.3d 656, 658 (7th Cir. 2004) ("The Internal Revenue Service is forbidden, with immaterial exceptions, to assess a deficiency until it has issued the taxpayer a notice of deficiency").  One such exception is "a class of 'computational adjustments' [exempted] from the notice and other administrative provisions otherwise required for a deficiency" when the IRS is auditing partnerships.  *Bush*, 655 F.3d at 1328.  Applying *Bush*, the Court of Federal Claims' has previously ruled, aside from computational adjustments, the IRS is "statutorily obligated to serve taxpayers with a notice of deficiency."  *Mandich v U.S.*, 124 Fed. Cl. 209, 215 (2015).

In *Welch v. United States,* the Federal Circuit reversed the Court of Federal Claims' summary judgment decision regarding a 1995 tax assessment and entered judgment in favor of the plaintiff "with respect to the refund they seek for the deficiency paid relating to the 1995 tax year," because the government failed to meet the burden of proof of mailing a notice of deficiency for that tax year.  *Welch v. U.S.*, 678 F.3d 1371, 1382–83 (Fed. Cir. 2012).  In *Welch,* the government could not present a copy of a notice of deficiency for the 1995 tax year, so instead it offered testimonial evidence regarding internal IRS procedure for notice preparation,

appeals case memorandum indicating that a statutory notice was approved, computer control cards suggesting a notice existed, and postal-return receipts. *Id.* at 1380–81. The Federal Circuit held such evidence is not "sufficiently corroborative . . . both of the existence of the notice of deficiency and of timely mailing" to meet the government's burden of proof. *Id.* at 1380.

### III. Parties' Arguments Regarding the Motion to Dismiss

The government contends Ms. Jolly's case must be dismissed for lack of subject matter jurisdiction under RFCF12(b)(1) because Ms. Jolly must fully pay her tax liability and wait at least six months after filing the refund claim before filing a tax suit. Gov't MTD at 7–8 (citing *Flora v. U.S.*, 362 U.S.145, 150 (1960)). As Ms. Jolly has not paid her alleged tax liabilities for 2016 and 2017, the government contends the Court lacks jurisdiction over her tax fund claim "[u]nder the full payment rule set forth by the United States Supreme Court in *Flora*." *Id.* at 8. As to Ms. Jolly's contention she has complied with the full payment rule because she paid tax for 2016 and 2017, the government argues "'[t]he *Flora* full payment rule has been interpreted to mean that full payment refers to the amount the [IRS] has determined is due, not just the amount the taxpayer concedes is due.'" *Id.* (quoting *Abruzzo v. U.S.*, 24 Cl. Ct. 668, 675 (1991)) (internal quotation marks omitted). The government further argues, per RCFC 12(b)(6), Ms. Jolly does not state a claim upon which relief may be granted, as she already received her 2018 and 2019 refunds as payments being applied towards her alleged 2017 tax debt. *Id.* at 9.

Ms. Jolly contends the IRS's *Flora* full payment rule does not apply in her case because she "did not owe a deficiency" for the 2016 or 2017 tax years. Pl. Resp. at 8, 11. Ms. Jolly further alleges the IRS violated "the Internal Revenue Code . . . 4.8.9 Statutory Notice of Deficiency" by failing to provide "tax liability deficiency notices" "prior to the assessment of a deficiency." *Id.* at 8. Ms. Jolly claims, "since the IRS did not dispute 2016 and 2017 amended tax years, there is no dispute that the plaintiff is entitled to a residual tax refund for years 2016 and 2017." *Id.* at 9. Ms. Jolly further argues "the amount the IRS alleges and further assesses [without proper notice] far exceeds the amount [Ms. Jolly paid]," as the IRS applied her tax refunds from 2018 and 2019, to 2017. Pl.'s Reply at 3–4.

### IV. Analysis

The government argues the Court lacks subject matter jurisdiction to consider Ms. Jolly's tax refund claims regarding 2016 and 2017 because Ms. Jolly did not fully pay her assessed tax liabilities for the two years, and Ms. Jolly cannot recover for 2018 and 2019 because she is deemed to have received the tax refunds by the IRS applying them to her 2017 balance. Gov't MTD at 6–8. Ms. Jolly contends she is entitled to a refund because the IRS failed to provide notice before the assessment of deficiency. Pl. Resp. at 8.

#### A. The Government's 12(b)(1) Motion Regarding Tax Years 2016 and 2017

When deciding a Rule 12(b)(1) motion to dismiss, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Acevedo v. U.S.*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (quoting *Trusted Integration, Inc. v. U.S.*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)) (internal quotation marks

omitted). If the parties dispute facts underlying the jurisdictional allegation, the Court may "weigh evidence" and "find facts" when ruling on the motion. *Knight v. U.S.*, 65 Fed. Appx. 286, 289 (2003) (citation omitted) ("Although a court is normally not permitted to weigh evidence and find facts in ruling on a motion to dismiss for lack of subject matter jurisdiction, it is allowed to do so where such a motion 'challenges the truth of jurisdictional facts alleged in the complaint.'"); *see also Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (citation omitted) ("All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court."). The fact-finding standard at the stage of a Rule 12(b)(1) motion to dismiss requires "the court construe all factual disputes in favor of [nonmovant]." *James v. J2 Cloud Servs., LLC*, 887 F.3d 1368, 1373 (Fed. Cir. 2018) (citation omitted).

      The parties dispute whether the IRS issued a notice of deficiency before assessing Ms. Jolly's personal tax for 2016 and 2017, which is a factual dispute "underlying the controverted jurisdictional allegations." *Cedars-Sinai Medical Center*, 11 F.3d at 1584. The government's jurisdictional challenge is premised on Ms. Jolly not having fully paid her tax liability before filing the complaint. Gov't MTD at 7–8 (citing *Flora v. U.S.*, 362 U.S.145, 150 (1960)). Ms. Jolly allegedly owes $2184.81 for 2016 and $2069.20 for 2017, after the IRS applied her 2018 and 2019 tax refund ($1,947.00 and $1,255.00, respectively) to her 2017 balance. App. at 2–5; *see also* Gov't MTD at 2–3. The IRS levied two assessments for deficiencies on Ms. Jolly: $1,956 for 2016, App. at 14, and $6371.76 for 2017. Gov't MTD at 3. The Court must resolve this factual dispute before deciding whether the Court has jurisdiction to hear Ms. Jolly's claim—if the parties' factual dispute resolves in Ms. Jolly's favor, she could possibly have fully paid her tax liability before filing her complaint, which confers jurisdiction to the Court. *See Flora*, 362 U.S. at 150. As stated by the Federal Circuit in *Welch*, the government must "demonstrate the existence of the 1995 notice of deficiency and the date of its mailing by competent and persuasive evidence . . . before [the Court] can find that assessment of the [tax year] deficiency occurred within the governing statute of limitations period." *Welch v. U.S.*, 678 F.3d 1371, 1382 (Fed. Cir. 2012).

      The government confirms it cannot locate Ms. Jolly's IRS administrative profile for 2017, but claims, "presumably . . . a notice of deficiency was issued with respect to that year." Gov't Reply at 2 n.2. Ms. Jolly claims she did not receive a notice of deficiency prior to the IRS' assessment of deficiency in 2016 and 2017 but does not specify for which year she did not receive the notice of deficiency. Pl.'s Reps. at 8.

      The IRS issued a notice of deficiency to Ms. Jolly for the tax year 2016 on 8 April 2019, which the government attached to the motion to dismiss. *See* App. at 10. Ms. Jolly petitioned her 2016 tax assessment to the United States Tax Court on 17 September 2019. *Jolly* at 1. As noted by the government, a petition cannot be filed at the Tax Court without a notice of deficiency. Gov't Reply at 3 (citing *Mulvania v.* Commissioner, 81 T.C. 65, 67 (1983) ("The notice [of deficiency] constitutes the taxpayer's ticket to the Tax Court, and without it, there [can] be no prepayment judicial review of the asserted deficiency.")). Accordingly, the Court finds there is sufficient evidence demonstrating the IRS issued a notice of deficiency to Ms. Jolly regarding the assessed deficiency in 2016.

In contrast, the government fails to provide sufficient evidence to prove the IRS issued a notice of deficiency to Ms. Jolly for tax year 2017. *See* Gov't Reply at 2 n.2 ("Counsel for the United States was unable to obtain the IRS administrative file for the 2017 tax year. Presumably, however, a similar notice of deficiency was issued with respect to that year."). Furthermore, the Tax Court in *Jolly* explicitly found "[t]he record further reflects that no notice of deficiency for tax year 2017 . . . was issued to petitioner." *Jolly* at 2. The only tangential evidence that may lend support to the claim of the issuance of a 2017 notice of deficiency is the entry of "[n]otice issued" on 9 July 2018, the date when the government alleges a notice of deficiency for 2017 was sent, in Ms. Jolly's 2017 tax account transcript. *See* App. at 5; Gov't MTD at 3. Nevertheless, such a vague entry provides little corroborative value, if any, for "the existence of the notice of deficiency" and its "timely mailing." *Welch*, 678 F.3d at 1382. Construing all factual disputes in favor of Ms. Jolly, the record compels the Court to find the IRS may have failed to issue a notice of deficiency for 2017 before levying increase in tax liability. *James*, 887 F.3d at 1373 (Fed. Cir. 2018).

A notice of deficiency from the IRS "is generally a prerequisite to any attempt by the IRS to assess or collect on the deficiency" unless the assessment is "computational adjustments." *Bush v. U.S.*, 655 F.3d 1323, 1328 (Fed. Cir. 2011) (en banc) (citations omitted); *see also* I.R.S. Code 4.8.9.2(1) ("IRC 6212 and 6213 require that the Service issue a notice of deficiency before assessing additional income tax . . . unless the taxpayer agrees to the additional assessment."). In *Welch*, the Federal Circuit reversed the Court of Federal Claims' tax assessment and entered judgment in favor of plaintiff "with respect to the refund they seek for the deficiency paid relating to the 1995 tax year," because the government failed to prove the IRS issued a notice of deficiency for 1995. *Welch*, 678 F.3d at 1382. Here, the government does not contend the 2017 assessment is merely a "computational adjustment." As the Court finds for the purpose of the government's motion to dismiss the IRS may not have issued a notice of deficiency for 2017, the Court must also find Ms. Jolly may not owe the IRS the levied deficiency for 2017, allegedly, $6371.76. *See Bush*, 655 F.3d at 1328; *Welch*, 678 F.3d at 1382; I.R.S. Code 4.8.9.2(1).

If Ms. Jolly's 2017 deficiency of $6,371.76 does not exist, the math follows: applying Ms. Jolly's 2018 and 2019 tax refund ($1,947.00 and $1,255.00, respectively) to only her 2016 assessment of $2184.81 results in a residual amount of around $1017.19.[2] As there is a factual dispute underlying the jurisdictional allegation in the government's Rule 12(b)(1) motion, the Court "weigh[s] evidence" and "find[s] facts" while "constru[ing] all factual disputes in favor of [Ms. Jolly]." *Knight*, 65 Fed. Appx. at 289; *see also Cedars-Sinai Medical* Center, 11 F.3d at 1583–84, *James*, 887 F.3d at 1373. Accordingly, based on the record before the Court, specifically the government's failure to locate Ms. Jolly's 2017 IRS administrative file, the Court finds Ms. Jolly may have paid her full tax liability before filing this lawsuit, and thus the Court has subject matter jurisdiction over her 2016 and 2017 tax refund claims. *See Flora*, 362 U.S. at 150.

### B. The Government's 12(b)(6) Motion Regarding Tax Years 2018 and 2019

---

[2] The Court's calculation here may not be fully accurate. Ms. Jolly's account balance for 2016 was $2184.81 as of 5 October 2020, including $104.11 of accrued interest and $97.46 of accrued penalty. If the IRS applied Ms. Jolly's 2018 and 2019 refund credits to her 2016 balance in early 2019, as the IRS did so with her 2017 balance, Ms. Jolly's 2016 balance as of early 2019 should be lower than $2184.81.

The government further contends Ms. Jolly is not entitled to any recovery for 2018 and 2019 since Ms. Jolly received her 2018 and 2019 refunds as payments towards her 2017 balance. Gov't MTD at 9–10. As discussed *supra*, the absence of a notice of deficiency bars the IRS from assessing a tax deficiency against Ms. Jolly in 2017, thus, the record before the Court compels a finding that the IRS possibly owes Ms. Jolly a residual amount after applying her 2018 and 2019 tax credit towards her 2016 balance. Accordingly, "accept[ing] well-pleaded factual allegations as true and . . . draw[ing] all reasonable inferences in favor of [Ms. Jolly]," the Court finds Ms. Jolly alleges "enough facts to state a claim to relief [regarding her tax refund of 2018 and 2019] that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Athey v. U.S.*, 908 F.3d 696, 705 (Fed. Cir. 2018) (quoting *Call Henry, Inc. v. U.S.*, 855 F.3d 1348, 1354 (Fed. Cir. 2017)) (When deciding a Rule 12(b)(6) motion to dismiss, the Court "must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant.").

## V.  Conclusion

For the foregoing reasons, the Court **DENIES** the government's motion to dismiss. As the government did not oppose Ms. Jolly's motion for the Court's leave to file a sur-reply to the government's reply before the deadline, the Court **GRANTS** Ms. Jolly's motion and admits Ms. Jolly's sur-reply.

**IT IS SO ORDERED**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
