# In the United States Court of Federal Claims

No. 20-412
(Filed: 3 March 2023)
NOT FOR PUBLICATION

```
*************************************
MAKETA S. JOLLY,                    *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

*Kurt Thornbladh*, Thornbladh Legal Group PLLC, of Dearborn, MI, for plaintiff.

*Miranda Bureau*, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant.

## ORDER

**HOLTE, Judge**.

Plaintiff Maketa Jolly claims the Internal Revenue Service ("IRS") owes her various tax refunds for tax years 2016, 2017, 2018, and 2019. On 7 December 2020, the government moved to dismiss plaintiff's claims, which the Court denied on 20 May 2021. Pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"), the government now moves for reconsideration of its motion to dismiss to prevent manifest injustice. For the following reasons, the government fails to satisfy the relevant requirements of RCFC 59(a); the Court accordingly denies the government's motion for reconsideration. On 1 February 2023, plaintiff filed a status report maintaining her entitlement to a "substantial amount" and "at least some damages" without providing sufficient detail.[1] Based on additional accounting details only recently presented in the IRS administrative file, the Court orders plaintiff to show cause as to why her case should not be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3).

**I.    Factual Background Preceding the Court's 20 May 2021 Order**

The factual record as presented by the parties at the time the Court considered the government's motion to dismiss is as follows:

---

[1] *See* Pl.'s Status Report at 1, ECF No. 50.

> Ms. Jolly timely filed her individual income tax returns for 2016 and received the requested refund of $2,392.00 on 23 February 2017. In 2018, Ms. Jolly filed an amended tax return for 2016. The IRS audited Ms. Jolly's tax record and issued a notice of deficiency on 8 April 2019, resulting in a $1,965.00 increase in Ms. Jolly's 2016 tax liability. The notice advised Ms. Jolly the deadline to petition the Tax Court regarding the adjustments was 8 July 2019. Ms. Jolly did not pay the amount she allegedly owed for 2016, which was assessed to be $2184.81 as of 5 October 2020.
>
> Ms. Jolly timely filed her tax return for 2017 and received the requested refund of $6,863.00 on 14 March 2018. In 2018, Ms. Jolly filed an amended tax return for 2017. According to the government, on 9 July 2018, the IRS assessed a total of $6,371.16 in Ms. Jolly's tax liability. The government could not locate any notice of deficiency the IRS issued to Ms. Jolly for the assessment of her 2017 tax liability.
>
> On 17 September 2019, Ms. Jolly field a petition with the United States Tax Court regarding tax years 2016–2018. The Tax Court dismissed Ms. Jolly's 2016 claim, as Ms. Jolly failed to timely file the petition within 90 days of receiving the 2016 notice of deficiency. The Tax Court also dismissed Ms. Jolly's 2017 and 2018 claims for lack of jurisdiction, because "the jurisdiction of the [Tax] Court depends, in part, on the issuance by the Commissioner of a valid notice of deficiency to the taxpayer," yet "no notice of deficiency was issued to petitioner for tax years 2017 and 2018 . . . ."
>
> Ms. Jolly timely filed her tax returns for 2018 and 2019. App. at 6–9. For both years, the IRS applied Ms. Jolly's tax refund to her 2017 balance ($1,947.00 and $1,255.00, respectively). Ms. Jolly's total amount of additional taxes due for 2017, after the application of refund credits from 2018 and 2019, was assessed to be $2,069.20 as of 5 October 2020, which Ms. Jolly did not pay.

May 2021 Order at 2–3, ECF No. 18 (internal citations omitted). Certain material facts precluded the Court from granting the government's motion to dismiss in May 2021; notably, plaintiff potentially was paid in full depending upon the issuance of: (1) a notice of deficiency; and (2) the initial 2017 refund of $6,863.00 to plaintiff. *See* May 2021 Order.

First, the parties disputed whether the IRS had issued a notice of deficiency to plaintiff for the 2017 tax year. Plaintiff argued a notice of deficiency had not been issued when one was required for the assessed 2017 deficiency. *See* May 2021 Order at 2, 5; Pl.'s Resp. to MTD at 5–8, ECF No. 13. The government countered the notice was "missing," but presumably existed, so the deficiency assessment was valid. *See* May 2021 Order at 6; Gov't Reply at 2 n.2, ECF No. 14. If a notice of deficiency had not been validly issued when a notice was required, then the liability assessed in the notice of deficiency would be void, and plaintiff would have been paid in full. *See Welch v. United States*, 678 F.3d 1371, 1382–83 (Fed. Cir. 2012). If plaintiff was paid in full, this court has jurisdiction. *See* May 2021 Order at 6 (Plaintiff "could possibly have fully paid her tax liability before filing her complaint, which confers jurisdiction to the Court.") (citing *Flora v. United States*, 362 U.S. 145, 177 (1960); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("[P]ayment of the assessed taxes in full is a prerequisite to bringing a refund claim.")). Plaintiff would have been paid in full for the 2017 tax year because the $6,298.00

deficiency[2] would not be treated as a liability on plaintiff's account given that a required notice of deficiency was never issued by the IRS. *See id.* at 2 ("The government could not locate any notice of deficiency the IRS issued to Ms. Jolly for the assessment of her 2017 tax liability."). Without the deficiency based on the 2017 amended return, plaintiff was paid in full, and this court had jurisdiction. *See id.* at 7 ("[B]ased on the record before the Court, specifically the government's failure to locate Ms. Jolly's 2017 IRS administrative file, the Court finds Ms. Jolly may have paid her full tax liability before filing this lawsuit, and thus the Court has subject matter jurisdiction over her 2016 and 2017 tax refund claims.") (citing *Flora*, 362 U.S. at 177).

Second, the parties disputed whether the IRS had issued the $6,863.00 refund from plaintiff's initial 2017 tax return filing. Plaintiff argued she never received the $6,863.00 refund from her initial 2017 tax return filing. *See* Pl.'s Resp. to MTD at 7, 11; Pl.'s Resp. to Reply to MTD at 2–3, ECF No. 19; *see also* 30 June 2022 Order, ECF No. 39. The government maintained plaintiff received the $6,863.00 refund. *See* MTD at 3; *see also* 30 June 2022 Order. Prior to 20 May 2021, the government had not yet obtained plaintiff's 2017 IRS administrative file[3], *see* Gov't Reply at 2 n.2, nor had the government conducted the trace on the $6,863.00 refund to confirm plaintiff's receipt, *see* 30 Sept. 2022 JSR. If the 2017 refund of $6,863.00 had never been issued to plaintiff, the calculations from the 2018 and 2019 refunds credited against the 2016 deficiency show plaintiff was paid in full and owed a refund. *See* May 2021 Order at 7 (finding in 2021 Ms. Jolly *may* have paid her full tax liability before filing this lawsuit) (emphasis added).

## II.     Subsequent Factual and Procedural History

Since the 20 May 2021 Order, certain issues disputed by the parties, as discussed *supra* Section I, have been clarified in status conferences and subsequent filings. In response to the dispute over the issuance of the $6,863.00 refund by the IRS, documented in the 30 September 2022 joint status report, the government conducted a trace on the refund to confirm plaintiff's receipt of the $6,863.00 refund in March of 2018. *See* 30 Sept. 2022 JSR. Additionally, as noted in the government's briefing on 15 April 2022, the government obtained plaintiff's IRS administrative file for the 2017 tax year. *See* Gov't's Resp. to Pl.'s Suppl. Br. at 13. Lastly, the government confirmed a notice of deficiency was correctly *not* issued in 2017, so a notice of deficiency from 2017 was never appropriate or missing. *See* Gov't's Resp. to Pl.'s Suppl. Br. at 7, 15–17.

Prior to the 20 May 2021 Order:

Ms. Jolly filed her complaint on 6 April 2020. The government filed a motion to dismiss on 7 December 2020. On 5 January 2021, Ms. Jolly responded to the government's motion to dismiss, and the government replied on 15 January 2021. On 26 January 2021, Ms. Jolly filed a motion for the Court's leave to file a sur-

---

[2] The first 2017 refund ($6,863.00) *less* the allowable refund based on the amended 2017 tax return ($565.00) *results in* the assessed deficiency ($6,298.00). *See* Gov't's Resp. to Pl.'s Suppl. Br. at 14.

[3] An "administrative file" at the IRS "is the Commissioner's official file in the case or matter." Internal Revenue Manual ("IRM") § 30.9.1.4.1.

> reply to the government's reply and attached the sur-reply as an exhibit. The government did not file an opposition to Ms. Jolly's motion before the deadline.

May 2021 Order at 3 (internal citations omitted). Additionally, on 6 April 2020, plaintiff filed an application to proceed *in forma pauperis* ("IFP") because she was "not working due to [the] COVID-19 crisis." *See* Application to Proceed *In Forma Pauperis* ("Pl. IFP Appl."), ECF No. 2.

This court denied the government's motion to dismiss on 20 May 2021. May 2021 Order. On 17 June 2021, the government filed a motion for reconsideration of the 20 May 2021 Order denying the government's motion to dismiss. *See* Mot. for Recons., ECF No. 20. To aid in the Court's consideration of the motion for reconsideration, the Court ordered supplemental briefing from the parties regarding the existence of a 2017 notice of deficiency and the *Flora* full payment rule. 8 July 2021 Order, ECF No. 21. On 5 August 2021, the government filed its opening supplemental brief. Gov't Suppl. Br., ECF No. 22. Plaintiff responded on 3 September 2021, Pl.'s Opp'n to Gov't's Suppl. Br., ECF No. 25, and the government replied on 15 September 2021, Gov't's Reply in Supp. of Mot. for Recons. and Suppl. Br., ECF No. 26. The parties then convened for a status conference on 18 November 2021. 10 Nov. 2021 Order, ECF No. 27; 18 Nov. 2021 Teleconference Transcript, ECF No. 30. Plaintiff, originally *pro se*, obtained representation on 3 January 2022, and the parties filed a joint status report providing for plaintiff's further supplemental briefing on 28 January 2022. 28 Jan. 2022 JSR, ECF No. 33; 28 Jan. 2022 Order, ECF No. 34. Plaintiff filed supplemental briefing on the government's motion for reconsideration on 15 March 2022, Pl.'s Suppl. Br., ECF No. 36, and the government replied on 15 April 2022, Gov't's Resp. to Pl.'s Suppl. Br., ECF No. 37.

The parties convened for a second status conference on 30 June 2022. 15 June 2022 Order, ECF No. 38; 30 June 2022 Teleconference Transcript, ECF No. 41. "During the status conference, plaintiff disputed she received a $6,863.00 tax refund payment the government contends it paid her on 14 March 2018." 30 June 2022 Order, ECF No. 39. On 30 June 2022, the Court ordered this case "stayed while the government and plaintiff collaborate to conduct a tax refund trace." 30 June 2022 Order. Subsequently, on 30 September 2022, "the IRS provided the results of a refund trace showing" $6,863.00 was indeed deposited 14 March 2018. 30 Sept. 2022 JSR, ECF No. 42. Plaintiff later stipulated to the receipt of the $6,863.00 refund from her initial 2017 tax return on 14 October 2022 in a status report, as confirmed by the trace conducted by the government. *See* 14 Oct. 2022 JSR, ECF No. 43.

On 26 October 2022, after the parties confirmed issuance and receipt of the $6,863.00 refund, the Court lifted the stay, agreed to plaintiff's request to file supplemental briefing on the government's motion for reconsideration, and the government's request to file a response to plaintiff. 26 Oct. 2022 Order, ECF No. 44. In accord with the order, the government submitted its supplemental briefing on 6 December 2022, ECF No. 45, while plaintiff waived filing any supplemental briefing in a status report filed on 7 December 2022, ECF No. 46. The parties convened for a third status conference on 11 January 2023. 21 Dec. 2022 Order, ECF No. 48. Following this status conference, on 12 January 2023, the Court ordered: (1) the parties confer with regards to the effect of the confirmed and undisputed $6,863.00 on plaintiff's claims and the government's motion for reconsideration; and (2) plaintiff file a supplemental statement to provide any updates to the position of her claims. 12 Jan. 2023 Order, ECF No. 49. Plaintiff

filed a status report on 1 February 2023 broadly alleging "further monies owed and damages" without any specific detail.  *See* Status Report, ECF No. 50.

### III.    Whether Plaintiff May Proceed *In Forma Pauperis*

As an initial matter, plaintiff filed an application to proceed *in forma pauperis*.  *See* Pl. IFP Appl.  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit demonstrating a plaintiff is unable to pay the fee or provide security and "still be able to provide himself and dependents 'with the necessities of life'" is sufficient.  *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "'paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute'").

Plaintiff states the following in her application to proceed *in forma pauperis*:  she is without work "due to [the] COVID-19 crisis"; she has not received any money from any sources within the past twelve months; and she has no substantial assets.  *See* Pl. IFP Appl. at 1–2.  Under these circumstances, plaintiff has sufficiently demonstrated she is unable to pay the Court's filing fee.  Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.  *See Adkins*, 335 U.S. at 339.

### IV.    Whether the Government's Motion for Reconsideration Should Be Granted

The government moves for reconsideration of the Court's May 2021 Order, which denied its motion to dismiss, to "prevent manifest injustice resulting from an error of law."  *See* Mot. for Recons. at 1, 6.  The government alleges the manifest injustice inflicted is "requir[ing] the United States to defend against claims with respect to which the Court lacks subject-matter jurisdiction or the plaintiff cannot prevail as a matter of law."  *Id.* at 15.  The government avers this court erred in determining jurisdiction over the 2017 assessment, particularly whether plaintiff would be paid in full without a 2017 notice of deficiency or $6,863.00 refund.  *See id.* at 5–6.

The Court has the authority to grant a motion for reconsideration under RCFC 59.  Motions for reconsideration are granted at the discretion of the court, and in three distinct situations:  "'(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'"  *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*., 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quoting *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009)); *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016); *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (Motions for reconsideration are "largely within the discretion of the [trial] court") (citations omitted); *see* RCFC 59(a).  The government brings its motion solely under the third distinct situation:  necessary to prevent manifest injustice.  *See*

Mot. for Recons. at 1, 6 ("Reconsideration is necessary to prevent manifest injustice."). There are three situations in which a motion for reconsideration is appropriately granted to prevent manifest injustice: (1) "'the Court has patently misunderstood a party, or [2] has made a decision outside of the adversarial issues presented to the Court by the parties, or [3] has made an error not of reasoning, but of apprehension.'" *Del. Valley Floral Grp.,* 597 F.3d at 1384 (quoting *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002)). The government does not raise any one of these three instances in its argument for a motion for reconsideration to prevent manifest injustice. *See id.; see generally* Mot. for Recons. (the government raises "apparent indisputability" of lack of subject matter jurisdiction).

In its 20 May 2021 Order, the Court did not (1) patently misunderstand a party, (2) make a decision outside of the adversarial issues presented by the parties, or (3) err in apprehension. *See id.* First, the Court discussed both parties' arguments regarding the government's motion to dismiss at length without misrepresenting or misunderstanding how the parties presented their arguments in the prior briefing. *See* May 2021 Order at 5. Second, the government specifically argued a lack of jurisdiction because plaintiff allegedly did not meet the *Flora* full payment rule. *See* MTD at 7–8. The Court did not decide the issue beyond the bounds of the adversarial issues presented; rather, the Court decided "based on the record before the Court, specifically the government's failure to locate Ms. Jolly's 2017 administrative file, the Court finds Ms. Jolly may have paid her full tax liability before filing this lawsuit, and thus the Court has subject matter jurisdiction over her 2016 and 2017 tax refund claims." May 2021 Order at 7 (citing *Flora*, 362 U.S. at 150). Third, the Court did not err in apprehension as demonstrated by the Court's thorough analysis in the 20 May 2021 Order (notwithstanding the government's disagreement with the conclusion). *See* May 2021 Order at 5–8; *Del. Valley Floral Grp.,* 597 F.3d at 1384.

The government, instead, argues its motion for reconsideration should be granted to prevent manifest injustice because the injustice is "'apparent to the point of being almost indisputable.'" *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. C. 779, 785 (2006), *rev'd on other grounds*, 536 F.3d 1282 (Fed. Cir. 2008)). Even under this "apparent indisputability standard," the government's motion for reconsideration still fails. At the time the Court denied the motion to dismiss, the government's alleged lack of jurisdiction was far from "'apparent to the point of being almost indisputable.'" *See supra* Section I; *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. C. 779, 785 (2006), *rev'd on other grounds*, 536 F.3d 1282 (Fed. Cir. 2008)). For instance, at the time of the 20 May 2021 Order, the parties directly disputed material facts related to the jurisdiction of plaintiff's claims before this court: the existence of any notice of deficiency in 2017 and plaintiff's receipt of the initial 2017 refund of $6,863.00. *See* May 2021 Order at 2, 5–6; Pl.'s Resp. to MTD at 5–8, 11; Gov't Reply at 2 n.2; Pl.'s Resp. to Reply to MTD at 2–3; MTD at 3; 30 June 2022 Order. "The parties dispute[d] whether the IRS issued a notice of deficiency before assessing Ms. Jolly's personal tax for 2016 and 2017." MTD at 6. Given the parties dispute over the receipt of the 2017 refund of $6,863.00, "the Court [found] for the purpose of the government's motion to dismiss the IRS may not have issued a notice of deficiency for 2017, the Court must also find Ms. Jolly may not owe the IRS the levied deficiency for 2017, allegedly, $6,371.76. . . . Accordingly, based on the record before the Court, specifically the government's failure to locate Ms. Jolly's 2017 IRS administrative file, the Court finds Ms. Jolly may have paid her full tax liability before filing this lawsuit, and thus the Court

has subject matter jurisdiction over her 2016 and 2017 tax refund claims." MTD at 7.  Therefore, the record at the time of the 20 May 2021 Order was not "apparent to the point of being almost indisputable" because the 2021 record did not contain any definitive facts conferring or stripping the Court of jurisdiction, considering whether plaintiff was paid in full was in dispute.  *See Griffin*, 96 Fed. Cl. at 7.

The government's argument is premised on the resolution of factual disputes present at the time of the 20 May 2021 Order.  New facts are properly considered under the "new evidence" prong of the motion for reconsideration—not the preventing manifest injustice prong. *See Del. Valley Floral Grp.*, 597 F.3d at 1383–84.  A party may not use a motion for reconsideration "as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."  *Id.* at 1384.  Similarly, "[i]t is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier." *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (citing *Freeman v. United States*, No. 01-39, 2016 WL 943859, at *2 (Fed. Cl. Mar. 1, 2016), *aff'd*, 875 F.3d 623 (Fed. Cir. 2017)), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018).  As described *supra*, the 2021 record reflected factual disagreements between plaintiff and the government regarding the issuance of a 2017 notice of deficiency and the 2017 refund of $6,863.00.  *See* May 2021 Order at 5–7.  Both disagreements have been resolved since the 20 May 2021 Order, *see* Gov't's Resp. to Pl.'s Suppl. Br. at 13; 30 Sept. 2022 JSR, and each could have been "discovered by the exercise of due diligence" prior to the May 2021 Order.  *Girault v. United States*, 133 Ct. Cl. 135, 140 (1955); *Englewood Terrace Ltd. Partnership v. United States*, 96 Fed. Cl. 614, 619 (2011) ("A party will not prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed.") (internal citations and quotation marks omitted)).  After the 20 May 2021 Order, on 14 October 2022, the parties agreed no notice of deficiency was issued in 2017 and the 2017 refund of $6,863.00 was issued.  *See* Gov't's Resp. to Pl.'s Suppl. Br. at 13; 30 Sept. 2022 JSR; 14 Oct. 2022 JSR.  The resolution of the previously disputed 2021 facts change the analysis and conclusion the Court previously reached in the 20 May 2021 Order; however, the motion for reconsideration is not the appropriate vehicle to address the resolution of facts which were readily available at the time the 20 May 2021 Order was considered.  *See Del. Valley Floral Grp.*, 597 F.3d at 1384.  The government has not shown either apparent indisputability or the three specific situations of manifest injustice standards related to the need to prevent manifest injustice were met; therefore, the Court denies the government's motion for reconsideration.  *See Del. Valley Floral Grp.*, 597 F.3d at 1383–84; *Griffin*, 96 Fed. Cl. at 7; *id.*

### V.     Whether Plaintiff Has Alleged Facts to Sustain a Claim and Jurisdiction

Plaintiff's original complaint alleged the IRS owed her refunds for tax years 2016, 2017, 2018, and 2019.  *See* Compl., ECF No. 1.  Plaintiff claimed, *inter alia*:  (1) she did not receive the $6,863.00 refund from her first 2017 tax return; (2) the $6,863.00 was improperly included in calculating any deficiency; and (3) the exclusion of the $6,863.00 refund from the relevant calculations shows plaintiff is paid in full with jurisdiction before this court.  *See* Compl.; Pl.'s Resp. to MTD at 7, 11; Pl.'s Resp. to Reply to MTD at 2–3; 30 June 2022 Order.  In the Court's analysis in the 20 May 2021 Order, jurisdiction hinged on the facts relating to the 2017 tax year, and this section's analysis will likewise focus on those facts.  *See* May 2021 Order at 7 ("As the

Court finds for the purpose of the government's motion to dismiss the IRS may not have issued a notice of deficiency for 2017, the Court must also find Ms. Jolly may not owe the IRS the levied deficiency for 2017, allegedly, $6,371.76.").

Plaintiff stipulated to the receipt of the $6,863.00 refund in the 14 October 2022 joint status report. *See* 14. Oct. 2022 JSR; 21 Dec. 2022 Order; 12 Jan. 2023 Order. The now-undisputed receipt of the $6,863.00 refund produces different calculations than those in plaintiff's complaint and the Court's 20 May 2021 Order denying the government's motion to dismiss. *See* Compl.; May 2021 Order at 7; Gov't's Resp. to Pl.'s Suppl. Br. at 12–15. Considering the issuance of the $6,863.00 initial refund, the IRS properly assessed a $6,298.00 deficiency[4] for 2017 against plaintiff. Gov't's Resp. to Pl.'s Suppl. Br. at 12–15. Plaintiff's $6,863.00 refund from the first 2017 filing *less* the $565.00 refund allowable from the amended 2017 filing *results in* a $6,298.00 liability. *Id.* at 14. Even after credit adjustments, the 2018 allowed refund ($1,947.00), and the 2019 allowed refund ($1,255.00) are applied to plaintiff's account, plaintiff still has an outstanding balance to the IRS. *Id.* at 12–15. With an outstanding balance, plaintiff is not paid in full, and this court does not have jurisdiction. *See Flora v. United States*, 362 U.S. 145, 177 (1960).

Plaintiff's 1 February 2023 status report broadly disputed the receipt of the $6,863.00 "would moot out her claim" and, even with plaintiff's concession to the receipt of the $6,863.00, "she is owed a substantial amount." Pl.'s Status Report at 1–2; *see* 14 Oct. 2022 JSR. The status report further claimed plaintiff "is entitled to at least some damages." Pl.'s Status Report at 1–2. Plaintiff does not provide any further information or detail relating to what "substantial amount" is owed to her. *Id.* Plaintiff does not provide any further detail relating to "some damages" she is owed. *Id.*

The Tucker Act authorizes this court to hear claims against the United States government based in a money-mandating source of law. *See* 28 U.S.C. § 1491(a)(1). This court only has jurisdiction over tax refund claims that have been fully paid. *See Flora*, 362 U.S. at 177. Plaintiff's status report seeks to continue plaintiff's claims before this court without clarity as to whether plaintiff is continuing the same claims from her initial complaint or stating new claims against the government. *See* Pl's Status Report at 1–2. Plaintiff has not clearly established she is paid in full. *See* Gov't's Resp. to Pl.'s Suppl. Br. at 12–15; *Flora*, 362 U.S. 145, 177 (1960). Without pertinent details from plaintiff establishing she is paid in full, this court lacks the subject-matter jurisdiction under the Tucker Act and *Flora*. *See* §1491(a)(1); *Flora*, 362 U.S. 145 (1960). The Court must dismiss this action if it finds a lack of subject-matter jurisdiction. *See* RCFC 12(h)(3). The Court therefore orders plaintiff to show cause as to why plaintiff's claims should not be dismissed pursuant to RCFC 12(h)(3). In responding to this order, plaintiff must: (1) identify how the confirmed and undisputed receipt of the $6,863.00 refund does not change or negate the nature of her argument she has fully paid her 2017 tax liabilities; and (2) identify what specific monies are owed to plaintiff and what money-mandating law is being invoked if plaintiff is continuing her original claims. Plaintiff's response to this order is due on or before 6 April 2023.

---

[4] The deficiency has been adjusted for interest, penalties, the 2018 and 2019 tax year refunds credited against plaintiff's balance, and adjustments from various other credits. *See* Gov't's Resp. to Pl.'s Suppl. Br. at 12–15.

- 8 -

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS** plaintiff's application to proceed *in forma pauperis*, ECF No. 2.  Additionally, the Court **DENIES** the government's motion for reconsideration, ECF No. 20.  Finally, the Court **ORDERS** plaintiff to **SHOW CAUSE** as to her claims before this court **ON OR BEFORE 6 April 2023.**

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
